## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **JOE ANTONY CABRAL,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-23-CV-327-KC** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Joe Antony Cabral, state prisoner number 02261969, challenges Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. Pet'r's Pet., ECF No. 1.[1] Cabral's petition is opposed because—as Lumpkin notes correctly—he failed to file it within the statute of limitations in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Resp't's Answer, ECF No. 18 at 9. Cabral's petition is accordingly dismissed with prejudice as time barred.

## BACKGROUND AND PROCEDURAL HISTORY

Cabral is a 26-year-old state prisoner serving a 42-year sentence at the Robertson Unit in Abilene, Texas. *See* Texas Department of Criminal Justice (TDCJ), Inmate Information Details, https://inmate.tdcj. texas.gov /InmateSearch (search for TDCJ No. 02261969, last visited Mar. 19, 2024). His parole eligibility date is February 23, 2039. *Id*.

Cabral was indicted by an El Paso County grand jury for murder in connection with the death of Zachary McGuire. *Cabral v. State*, No. 08-19-00128-CR, 2021 WL 1712214, at *1

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

(Tex. App.—El Paso Apr. 30, 2021, pet. ref'd). Cabral met McGuire while they both served in the Army at Fort Bliss. *Id.* Several hours before the murder, Cabral and McGuire signed a lease to rent an apartment together in El Paso. *Id.*

James Litty saw Cabral and McGuire pull into the apartment community together and enter their new residence. *Id.* He later heard a gunshot, peered inside Cabral's open apartment door, and saw McGuire's body lying on the floor. *Id.* Litty went to McGuire's body, lifted the paper towels wrapped around his head, and saw a bullet hole. *Id.* Although he knew McGuire was dead, he continued to apply pressure to the wound as Cabral spoke with a 911 operator. *Id.*

After the police arrived, Cabral was advised of his *Miranda* rights. *Id.* Cabral volunteered that McGuire pulled out a gun while the two were wrestling, so he pulled out a gun as well. *Id.* He claimed he shot McGuire because he was scared. *Id.*

A jury, after hearing the evidence against Cabral, found him guilty of murder and sentenced him to 42 years' confinement. *Id.*

On appeal, Cabral raised two issues: (1) whether the State purposefully destroyed "material exculpatory evidence," or alternatively, "potentially useful evidence"—specifically McGuire's diaries—which allowed for the admission of a substitute for the evidence; and (2) whether the trial court violated his Sixth Amendment rights when it conducted a pretrial proceeding without his counsel present. *Id*. His issues were overruled and the trial court's judgment adjudicating him guilty was affirmed by the Eighth Court of Appeals. *Id.* at *10.

The Court of Criminal Appeals refused Cabral's petition for discretionary review. Post Card Notice, PDR No. PD-0398-21, ECF Doc. 17-32. It also denied Cabral's petition for a writ of habeas corpus without a written order. Post Card Notice, WR-89,100-02, ECF Doc. 17-37.

Cabral now raises three ineffective assistance of counsel claims in his federal petition. Pet'r's Pet., ECF No. 1 at 6–7. First, he asserts his trial counsel erred when he failed to preserve for appellate review his claim that the State destroyed potentially exculpatory and useful evidence. *Id*. at 6. Second, he maintains his trial counsel erred by failing to attend an important court hearing. *Id.* Third, he contends his trial counsel filed notices with the court which were either frivolous or detrimental to his due process rights. *Id.* at 7.

## STANDARD OF REVIEW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Additionally, the AEDPA provides that claims under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court … and made

retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance [comply] with the applicable laws and rules governing filings ... [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only "'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

The petitioner has the burden of proving an entitlement to equitable tolling. *Phillips v.*

*Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy

his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. *Lawrence v.

Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

As an initial matter, Cabral's petition does not allege an unconstitutional "State action"

impeded him from filing for federal habeas corpus relief prior to the end of the limitations period.

*See* 28 U.S.C. § 2244(d)(1)(B); Pet'r's Pet., ECF No. 1 at 6–8. His petition also does not concern a

constitutional right recognized by the Supreme Court within the last year and made retroactive to

cases on collateral review. *See* § 2244(d)(1)(C); Pet'r's Pet., ECF No. 1 at 6–8. His claims arise

from events which occurred during his trial or direct appeal. So, the date the limitations period

began to run is "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review[.]" *See* 28 U.S.C. § 2244(d)(1)(A).

Cabral did not file his federal petition within one year after his conviction became final.

*See* 28 U.S.C. § 2244(d)(1)(A). He appealed to the Eighth Court of Appeals, which affirmed the

judgment of the trial court on April 30, 2021. *Cabral*, 2021 WL 1712214, at *1. He filed a petition

for discretionary review (PDR), which the Court of Criminal Appeals refused on October 20,

2021. Post Card Notice, PDR No. PD-0398-21, ECF Doc. 17-32. But he did not file a petition for a

writ of certiorari with the United States Supreme Court. Pet'r's Pet., ECF Doc. 1 at 3. So, his

conviction became final ninety days after the Court of Criminal Appeals refused his PDR—or on

January 18, 2022—when the time for filing a petition for writ of certiorari expired. *Gonzalez v.

Thaler*, 556 U.S. 134, 150 (2012) (holding that when a petitioner does not pursue direct review to

the Supreme Court, the judgment becomes final when the time for doing so expires); *see* Sup. Ct. R. 13 (explaining a petition for writ of certiorari is timely filed ninety days after entry of a judgment or the denial of rehearing).[2] Therefore, absent tolling, the one-year limitations period for filing a federal habeas petition expired on January 18, 2023.

Cabral's habeas counsel filed his state habeas application challenging his conviction on March 7, 2023. State Writ Appl., ECF Doc. 17-39 at 311. As a result, his application did not statutorily toll the limitations period because he filed it after the limitations period had expired. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). His instant federal petition is untimely by 212 days.

Cabral does not suggest the State misled him or cause the delay in filing a state or federal petition. *Cousin*, 310 F.3d at 848. He does not claim he was prevented in some extraordinary way from asserting his rights. *Id.* Indeed, he offers no reason for the delay in filing his petition. Pet'r's Pet., ECF No. 1 at 9. He also falls far short of exhibiting reasonable diligence in pursuing his claims. So, he cannot meet his burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing of a § 2254 motion. *Lawrence*, 549 U.S. at 336. Cabral is not entitled to equitable tolling.

---

[2] Due to the COVID-19 pandemic, the Supreme Court extended the deadline to file any petition for a writ of certiorari due on or after March 19, 2020, "to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing." *See* U.S. Supreme Court Order List 589, https://www.supremecourt.gov/orders/court_orders/031920zr_d1o3.pdf (last visited Mar. 19, 2024). This rule was in effect until July 19, 2021, when the deadline to file a petition for a writ of certiorari was returned to 90 days, as provided by Sup. Ct. R. 13. *See* U.S. Supreme Court Order List 594, https://www.supremecourt.gov/orders/courtorders_/071921zr_4g15.pdf (last visited Mar. 19, 2024). Cabral's petition for discretionary review was refused by the Court of Criminal Appeals on October 20, 2021. Post Card Notice, PDR No. PD-0398-21, ECF Doc. 17-32. Consequently, Cabral cannot benefit from the extended deadline.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

The Court will not issue a certificate of appealability because reasonable jurists could not debate the Court's reasoning for denying Cabral's claims as untimely. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

## CONCLUSIONS AND ORDERS

The Court concludes that Cabral's claims are time barred and that he is not entitled to equitable tolling. The Court further concludes that Cabral is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Cabral's "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Cabral is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 25th day of March, 2024.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

8